wo

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Chanel, Inc., | No. CV-08-1269-PHX-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Tuby Adeyemi, et al., | |
| Defendants. | |

On July 9, 2008, Plaintiff filed a two-count Complaint seeking monetary and injunctive relief for Defendants' alleged violations of federal trademark law (Doc. 1). On October 30, 2009, Defendants were each served with a summons and Complaint (Docs. 9-11). On November 14, 2008, Defendants Adeyemi and Akinlosotu filed an Answer (Doc. 7).[1] Defendant Manns failed to timely file an Answer. On February 18, 2009, default was entered against Manns for failure to answer the Complaint or otherwise appear, pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55(a)") (Doc. 18). On April 22, 2009, Plaintiff filed an Amended Motion for Final Default Judgment, which is currently before the Court and will be denied (Doc. 33).

---

[1] Plaintiff, Adeyemi and Akinlosotu settled on August 4, 2009 (Docs. 41-43).

**Discussion**

**A. Standard**

Federal Rule of Civil Procedure 55(b)(2) ("Rule 55(b)") permits a trial court, upon motion, to enter judgment against a defendant who has defaulted under Rule 55(a). While a Rule 55(a) default constitutes the defendant's admission of all facts alleged in the complaint and may establish liability, it is the responsibility of the trial court, before entering judgment on a Rule 55(b) motion, to determine whether the complaint states a claim and assess appropriate damages. See Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (*per curiam*) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); Benny v. Pipes, 799 F.2d 489, 495 (9th Cir. 1986) ("Well-pleaded allegations are taken as admitted on a default judgment."); cf. Danning v. Levine, 572 F.2d 1386, 1388-89 (9th Cir. 1978) (a complaint which is not well-pleaded, pursuant to Federal Rule of Civil Procedure 8, cannot support a default judgment).

A Rule 55(b) determination falls squarely within the discretion of the trial court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (*per curiam*) ("The district court's decision whether to enter a default judgment is a discretionary one."). However, trial courts are encouraged to look at seven factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

A trial court's discretion is further limited by the Servicemembers Civil Relief Act ("SCRA"), which requires, as a prerequisite to default judgment, the submission of an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit[,] or if the plaintiff is unable to determine whether or not the

defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 App. U.S.C. § 521(b)(1); see also Sprinkle v. SB&C Ltd., 472 F. Supp.2d 1235, 1244 (W.D. Wash. 2006) (compliance with the SCRA affidavit requirement "is a prerequisite to the entry of judgment for the plaintiff"); James Wm. Moore, 10 Moore's Federal Practice §55.90 (2008 ed.). Because the SCRA requires that "facts must be set forth, an affidavit made upon information and belief is insufficient" to satisfy the statute's affidavit requirement. U.S. v. Simmons, 508 F. Supp. 552, 552 n.1 (E.D. Tenn. 1980) (denying motion for default judgment for failure to satisfy SCRA affidavit requirement); see also e.g. Bank of Nova Scotia v. George, 2008 WL 501263, *2 (D. V.I. 2008) (denying motion for default judgment because plaintiff's affidavit did "not show necessary facts to support its bare assertion that the [d]efendants are not in military service."); Countrywide Home Loans, Inc. v. Barr, 2008 WL 4748202, *1-2 (M.D. Pa. 2008) (same). Instead, Plaintiff must set forth specific facts establishing "the efforts exerted to determine [d]efendant's military [or other SCRA] status." Merrill v. Beard, 2007 WL 461469, *3 (N.D. Ohio 2007) (denying motion for summary judgment for failing to comply with affidavit requirement); cf. e.g. Priority Records, LLC v. Tabora, 2007 WL 2517312, *1 (N.D. Cal. 2007) (determining plaintiff complied with SCRA affidavit requirement when plaintiff's counsel attested to having "conducted a search through the Department of Defense-Manpower Data Center, and determined that defendant is not serving in the military."); Caroline Records v. Westhoff, 2006 Copr. L. Dec. P. 29,1119; 2006 WL 538688, *1 (D. Colo. 2006) (determining plaintiff complied with SCRA affidavit requirement when plaintiff's counsel attested to having conducted a search through the LexisNexis U.S. Military Locator database and determined defendant is not serving in the military).

**B. SCRA Compliance**

To comply with the SCRA, Plaintiff has two options. Plaintiff may submit an affidavit attesting that Manns is not currently enrolled in the military or other applicable

- 3 -

service and provide facts to support the attestation. See 50 App. U.S.C. § 521(b)(1)(A). In the alternative, an affidavit may be submitted attesting that Plaintiff has been unable to determine whether Manns is currently enrolled in the military or other applicable service. See 50 App. U.S.C. § 521(b)(1)(B). Plaintiff has done neither, but rather submitted an affidavit from Counsel stating "[t]o my knowledge, [Manns] is not serving in the military" and an unsworn statement affirming that "[t]o the best of Plaintiff's knowledge, Manns is not in the military and the Soldier's and Sailor's Civil Relief Act . . . does not apply" (Docs. 33 Ex. A at ¶ 8; 17 at ¶ 5). These statements neither provide facts nor suggest Plaintiff has made an attempt to determine Manns' status under the SCRA. The Motion will thus be denied, but without prejudice. See 50 App. U.S.C. § 521(b)(3) ("The court may issue such orders or enter such judgments as the court determines necessary to protect the rights of the defendant under this Act"); see also e.g. Simmons, 508 F. Supp. at 552 (denying motion for default judgment for failure to satisfy SCRA affidavit requirement); Bank of Nova Scotia, 2008 WL 501263 at 1-3 (same); Countrywide Home Loans, Inc., 2008 WL 4748202 at 1-2 (same).

Accordingly,

**IT IS ORDERED** Plaintiff's Amended Motion for Final Default Judgment (Doc. 33) **IS DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** the Clerk's Office shall reopen this case.

DATED this 21st day of August, 2009.

_____
Roslyn O. Silver
United States District Judge